UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JUSTIN GOMEZ,<br><br>    Defendant. | Case No. 1:15-cr-00232-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Justin Gomez's Motion to File a Writ of Audita Querela (Dkt. 162) and a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 163). The Government has filed an Opposition to Gomez's Motion for Compassionate Release. Dkt. 165. Gomez filed a Reply. Dkt. 166. Both matters are now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES both Motions.

# II. BACKGROUND

On September 22, 2015, a federal grand jury indicted Gomez on two counts: one

count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Dkt. 18. After a two-day trial, a jury acquitted Gomez on count one for conspiracy but convicted him on count two for possession with intent to distribute methamphetamine. Dkt. 99. A presentence investigation report ("PSR") was subsequently filed. Dkt. 103. Both sides filed oppositions to the PSR, objecting in part to a proposed sentence enhancement. Dkts. 104, 105.

On January 25, 2018, the Court[1] held a hearing to determine whether the contested sentencing enhancement would apply. Dkt. 121. The sentence enhancement at issue dealt with Gomez's two prior convictions and was specifically related to pre-trial plea negotiations and the conspiracy charge. Because Gomez was found not guilty on that charge, the Court issued an Order finding the application of that specific sentencing enhancement would cause undue prejudice because the Government had not provided Gomez sufficiently clear notice of its intent under 21 U.S.C. § 851. Dkt. 121. Nevertheless, the Court did not disturb United States Probations' recommendation that Gomez be classed as a career offender under U.S.S.G. § 4B1.1(a) based on the two prior convictions. Additionally, the fact that one of the previous convictions had been later reclassified as a misdemeanor did not affect the characterizations of "past convictions" for purposes of the "career offender" enhancement. *Id.* The status at time of conviction was the relevant fact.

---

[1] At the time, Judge Edward J. Lodge presided over this case. However, due to Judge Lodge taking inactive senior status, the case was to Judge B. Lynn Winmill (Dkt. 156) and then the undersigned (Dkt. 160).

MEMORANDUM DECISION AND ORDER - 2

An Amended PSR was then filed. Dkt. 124.

On April 4, 2018, the Court held a sentencing hearing for Gomez. Dkt. 136. Applying the "career offender" enhancement, the Court sentenced Gomez to 240 months of incarceration on count two with five years of supervised release to follow. *Id*. Gomez appealed his sentence arguing the Court misapplied the "career offender" enhancement. Dkt. 137. The Ninth Circuit Affirmed. Dkt. 151. On April 16, 2020, the Ninth Circuit issued its formal mandate entering its judgment. Dkt. 155.

On May 26, 2020, Gomez filed a § 2255 Motion to Vacate Sentence.[2] The Motion was denied. Dkt. 158. On September 13, 2022, Gomez filed a Writ of *Audita Querela*. Dkt. 162. On November 15, 2022, Gomez filed the current Motion for Compassionate Release and Sentence Reduction. Dkt. 163. He argues for a sentence reduction from 240 months to a sentence between 120-180 months because of changes to the mandatory minimums for certain crimes in the 2018 First Step Act. Dkt. 163, at 14–22.

In the Government's Opposition, it argues there are no extraordinary or compelling reasons to justify sentence reduction because Gomez's request is based on a misunderstanding and misapplication of the law to the facts. Dkt. 165.

### III. LEGAL STANDARD

1. **Writ of *Audita Querela***

A writ of *audita querela* is available in limited circumstances with respect to criminal convictions "where there is a legal, as contrasted with an equitable, objection to a

---

[2] 1:20-cv-00252-BLW.

MEMORANDUM DECISION AND ORDER - 3

conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (cleaned up). The authority of federal courts to recognize common law postconviction remedies is governed by the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954). "[T]he common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). If other legal avenues exist, the writ is inappropriate. For example, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under §2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Id.* at 1080.

The Court must determine whether the claims asserted by the Gomez are appropriately addressed through existing avenues within the federal postconviction remedial framework. If there is a "gap" in the framework to adequately address the claim, then the common law writ may be applied. If there is no "gap," then the writ must be denied.

### 2. Request for Compassionate Relief

Gomez seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances or alternatively, under section 401 of the First Step Act.[3] In order to grant

---

[3] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1

MEMORANDUM DECISION AND ORDER - 4

compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[4] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

The Court begins with Gomez's Writ of *Audita Querela*. Dkt. 162

### A. Available Postconviction Relief

A writ of *audita querela* is a collateral attack on a criminal conviction and in order to proceed with such a motion, there cannot be alternative legal mechanisms for redress. In his petition for the writ, Gomez bases his request on what he alleges are constitutional violations of the Fifth and Sixth Amendments and a violation of Rule 7 of the Federal Rules of Criminal Procedure. Dkt. 162, at 2–4. His claims stem from evidence of prior felony convictions and the role those convictions played in the proceedings. *Id*. He requests a

---

(N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[4] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

change of jurisdiction to the Supreme Court for the cognizable issues under 28 U.S.C. § 2255.

Gomez misunderstands that the prior convictions led to a sentence enhancement under 21 U.S.C. § 851, resulting in a mandatory minimum sentence of twenty years. The § 851 enhancements were deemed too prejudicial because of the government's failure to properly notice the defendant that the enhancements would apply to the possession charge. Dkt. 121. Gomez was sentenced under 21 U.S.C. §841(a)(1) and (b)(1)(A) which had a minimum term of ten years. But, based on his criminal history category, the nature and circumstances of the offense, and the sentencing enhancement for being a "career criminal," the guideline imprisonment range was 360 months to life. Judge Lodge, however, departed downward and only sentenced Gomez to 240 months. Gomez then filed a direct attack on the criminal conviction via an appeal to the Ninth Circuit and a § 2255 Motion. Dkt. 157.

Specifically, postconviction framework exists for the claims Gomez now asserts. 28 U.S.C. § 2255 allows:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Because § 2255 provides a mechanism for Gomez to pursue his claims, there is no need for the common law relief because a gap in the framework does not exist. For this reason, the Court DENIES the request for a writ of *audita querela*.

MEMORANDUM DECISION AND ORDER - 6

The Court turns next to Gomez's Motion for Compassionate Release. Dkt. 163.

**B. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

There is nothing in the record to indicate that Gomez has exhausted his administrative rights or submitted a request for compassionate release with the warden. Having failed to exhaust his rights, the Court cannot consider his request. However, even if Gomez had exhausted his remedies, the Court would still deny his request for the reasons stated below.

**C. Extraordinary and Compelling Reasons**

The Court briefly considers whether "extraordinary and compelling reasons" warrant a permanent reduction in Gomez's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Gomez bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Gomez makes one principal argument in support of his contention that there are extraordinary and compelling reasons to grant a sentence reduction. His argument relies on a belief that under the FSA, the mandatory minimum for his conviction changed, and if he were sentenced in the present day, his sentence would be ten years, not twenty years. Dkt. 166, at 1–2. This is partially correct. Gomez is correct that since his conviction, 21 U.S.C. § 841(a)(1) and (b)(1)(A) has been amended to reduce the punishment for § 851 enhancements for prior convictions of a serious drug offense or serious violent felonies. However, as noted, Judge Lodge already determined the § 851 enhancement did not apply in this case. The enhancement that increased Gomez's sentence was the career offender enhancement under U.S.S.G. § 4B1.1(a).

The Presentence Investigation Report established a base level of 34 due to the nature of the charged crime of Possession With Intent to Distribute Methamphetamine. Dkt. 124, at 6. The Chapter Four Enhancement added 3 points because of the age of the defendant, the instant offense is a felony involving a controlled substance, and the career offender status because of two prior felony convictions. It is the "career offender status" that Gomez objects to arguing that with the passage of the FSA in 2018, the prior convictions would not qualify and cause him to be considered a career offender. Dkt. 166, at 3. Gomez states that "[g]iven that some disparities will exist in any event they should not prevent me from benefiting from the first step act 401." *Id.* at 6.

However, the Presentence Investigation Report also clearly stated that the minimum term for imprisonment is ten years and the maximum is life for the crimes charged in 21 U.S.C. § 841(a)(1) and (b)(1)(A). Thus, Gomez is wrong in assuming the statutory

MEMORANDUM DECISION AND ORDER - 9

maximum was twenty years and is now ten years. The statutory range was ten years to life even when he was sentenced; the FSA has not altered that. But, based up all the other factors, Gomez's guideline range was 360 months to life.

Under the First Step Act, district courts retained their ability to utilize discretion in sentencing. *Concepcion v. United States*, 142 S. Ct. 2389, 2394 (2022). Utilizing such discretion, this Court sentenced Gomez to 240 months, a departure downward from the guideline range. Dkt. 136. Gomez's reliance upon a mistaken twenty-year mandatory minimum is misplaced and unsupported by fact. Additionally, his arguments about one of his prior felonies being reduced to a misdemeanor and the "career offender" enhancement have been rejected by Judge Lodge (in the original decision), by the Ninth Circuit (on appeal), and by Judge Winmill (in Gomez's § 2255 petition).

In sum, there is no basis to revisit the sentence Judge Lodge imposed. Gomez misunderstands the FSA and consistently forgets that the "sentencing enhancement" applied in this case was a sentencing guideline enhancement, not a statutory enhancement. As such, the Court finds that there are no extraordinary or compelling reasons to grant Gomez's Motion.

The Court cannot depart from its prior sentence and reduce Gomez's sentence at this time. Accordingly, the Court must DENY Gomez's motion.

///
///
///
///

MEMORANDUM DECISION AND ORDER - 10

## V. ORDER

The Court HEREBY ORDERS:

1. Gomez's Motion for a Writ of *Audita Querela* (Dkt. 162) is DENIED.

2. Gomez's Motion for Compassionate Release (Dkt. 163) is DENIED.

DATED: May 3, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11