UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JUSTIN GOMEZ,<br><br>    Defendant. | Case No. 1:15-cr-00232-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Justin Gomez's Motion to Reduce Sentence. Dkt. 180. Gomez also filed two additional motions asking that the Government procure and produce his "Post-Rehabilitation Documents" (Dkt. 181) and "Medical Records" (Dkt. 182). The Government objects to Gomez's Motion to Reduce Sentence. Dkt. 184. Gomez replied. Dkt. 185. The matter is ripe for review.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES all of Gomez's Motions.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

## II. BACKGROUND

In 2016, following a two-day trial, a jury found Gomez guilty of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Dkt. 99. The Court ultimately sentenced Gomez to a term of 240 months of incarceration. Dkt. 136.

Gomez appealed his sentence (Dkt. 137) and collaterally attacked it under § 2255 as well (Dkt. 157). Both efforts failed. Dkts. 151, 158.

Gomez then sought a sentence reduction—via a compassionate release motion—based upon his misunderstanding that a certain enhancement had been applied at his sentencing. Dkts. 163. The Court explained that enhancement was irrelevant and denied the Motion. Dkt. 167. Gomez sought reconsideration. Dkt. 168. The Court denied that Motion as well. Dkt. 173. Gomez appealed (Dkt. 171), and the Ninth Circuit affirmed the Court in all respects. Dkt. 178.

Gomez recently sought compassionate release again, this time based on the 814 Amendments.[2] Dkt. 180. The Government objects to any reduction in sentence. Dkt. 184.

Gomez is currently incarcerated at the Federal Correctional Institution in Pollock, Louisiana, and has an anticipated release date of January 11, 2033.

## III. LEGAL STANDARD

Gomez seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain

---

[2] Amendment 814 became effective November 1, 2023, and further defines what qualifies as an "extraordinary and compelling reason" sufficient to justify release.

MEMORANDUM DECISION AND ORDER - 2

circumstances. To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. *See also United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

In this case, the Court cannot reach the merits of Gomez's Motion because he has failed to comply with the applicable mandatory exhaustion requirements.

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Gomez did not include any documentation with his original motion suggesting he has exhausted his administrative remedies as required. *See generally* Dkt. 180. The

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

Government then raised Gomez's failure in its opposition. Dkt. 1. On reply, Gomez simply stated: "Petitioner submits that he did exhaust his administrative remedies." Dkt. 185, at 2. Again, however, Gomez did not include any evidence to support such a claim. Gomez's affirmance, with nothing more, cannot satisfy his burden. Gomez has not provided the Court with *any* documentation regarding *any* efforts he made to petition the Warden of his facility for relief. He does not even claim to have tried.

Exhaustion under Section 3582(c) is mandatory. As the Ninth Circuit has made clear, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021). *See also United States v. Keller*, 2 F.4th 1278, 1282–83 (9th Cir. 2021) (a district court may not overlook a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government").

Here, the Government properly raised an exhaustion objection in its Response. Dkt. 184, at 5. Simply put, there is no evidence in the record that Gomez exhausted his administrative remedies. Nor is there any indication exhaustion was not available under the circumstances. Accordingly, the Court must dismiss Gomez's Motion for failure to comply with the administrative requirements of § 3582(c)(1)(A).

Separately, with respect to Gomez's request for appointment of counsel contained within his Motion (Dkt. 180, at 11), there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Rather, the

decision whether to appoint counsel in post-conviction proceedings (such as motions asserting collateral claims of ineffective assistance of counsel) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES Gomez's request to appoint counsel.

Finally, it is not the Government's obligation to find and obtain records or documents on Gomez's behalf. His two motions that the Government do so (Dkts. 181, 182) are DENIED.

## V. ORDER

The Court HEREBY ORDERS:

1. Gomez's Motion to Reduce Sentence (Dkt. 180) is DENIED.
2. Gomez's Motions Ordering the Government to procure records (Dkts. 181, 182) are DENIED.

DATED: April 9, 2025

David C. Nye
Chief U.S. District Court Judge